IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CRIMINAL CASE NO.: |
| MICHAEL BATTLE. | : 1:20-CR-00252-AT-JSA |

## REPORT AND RECOMMENDATION

Defendant is before the Court on its prior order to determine competency [32]. The Defendant has been evaluated by a forensic psychologist with the U.S. Bureau of Prisons and has appeared before the Court for a competency hearing pursuant to 18 U.S.C. § 4241(d). For the reasons explained below, consistent with the opinion of the examining psychologist, and as uncontested by the parties, the Court **RECOMMENDS** that the Defendant be found **INCOMPETENT** to stand trial and that he be evaluated further for potential restoration to competency.

Title 18, U.S.C. § 4241, *et seq.*, guides the assessment of a Defendant's competency in federal criminal proceedings. Section 4241(d) provides that the Court shall find the Defendant to be incompetent "[i]f, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

1

consequences of the proceedings against him or to assist properly in his defense. . . ." 18 U.S.C. § 4241(d).  The test is "whether [the defendant] has sufficient present ability to consult with this lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam) (construing § 4241's predecessor, 18 U.S.C. § 4244 (1958)).

In this case, pursuant to the Court's prior evaluation order, the Defendant has undergone an examination by Forensic Psychiatrist Carmen J. Rodriguez, Psy.D. The parties have stipulated to the admission of Dr. Rodriguez's report into evidence (under seal) without the need for cross examination, and the parties have offered no additional evidence in the record. In sum, Dr. Rodriguez concluded that Defendant is suffering from a mental illness or disease that is currently impairing his ability to process information and engage in appropriate and meaningful discussions with counsel about the case. Thus, Dr. Rodriguez has opined that Defendant is not currently competent to stand trial because of an inability to rationally consult and assist counsel in his defense.

The Court has reviewed and places great weight on Dr. Rodriguez's opinion, which is admitted into the record under seal. As there is no contrary evidence introduced by either party, the Court reaches the conclusion offered by Dr. Rodriguez, which is that the Defendant should be declared to be presently

incompetent and subjected to further evaluation for potential restoration to competency.

## CONCLUSION

It is **RECOMMENDED** that the Defendant be declared **INCOMPETENT TO STAND TRIAL** and that the Court issue an Order, pursuant to 18 U.S.C. § 4241(d), committing the Defendant to the custody of the Attorney General for hospitalization in a suitable facility and for further evaluation as to whether Defendant can be restored to competency, that is, "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," § 4241(d)(1), and to recommend the appropriate disposition for the Defendant. The Court's Order should further re-refer the matter back to the undersigned Magistrate Judge for a hearing, within four months of the Court's Order, for a hearing on the question of whether Defendant has been restored to competency.

IT IS SO RECOMMENDED this 14th day of October, 2021.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE