IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BATTLE, | : | CRIMINAL CASE NO. |
| | : | 1:20-CR-252-AT |
| | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 83] recommending that Defendant's Motions to Dismiss Indictment Due to Speedy Trial Violation [Docs. 76, 80] be denied.  Mr. Battle has filed objections to the Magistrate Judge's R&R [Doc. 86].

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R for clear error if no objections are filed to the report.  28 U.S.C. § 636(b)(1).  If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).  As Defendant has filed timely objections to the Magistrate's Judge's R&R, the Court reviews that portion of the R&R *de novo*.

After a careful review of Mr. Battle's objections, the Court agrees with the R&R's conclusion that there has been no violation of Defendant's rights under either the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, or the Sixth Amendment.

Mr. Battle first objects to the R&R's finding that there has been no Speedy Trial Act violation because certain transportation delays should not be excluded time under the Act. But, as the Magistrate Judge explained, the Speedy Trial Act affords various — and often overlapping — bases for the exclusion of time under the Act. And, as articulated in the R&R, many of those overlapping bases have been at play in this case, primarily the subsections of the statute that exclude (1) "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *see* § 3161(h)(7)(A), and (2) "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial," *see* § 3161(h)(4). In light of these provisions, Defendant's objection that transportation delays should not be excluded under the Act is immaterial. The transportation time was otherwise excluded under § 3161(h)(4), as the Magistrate Judge and this Court found that Defendant was not competent to stand trial. As such, even if Defendant were correct that the transportation time should not be excluded, there would still be no Speedy Trial Act violation. Accordingly, the Court fully

agrees with the Magistrate Judge's comprehensive analysis of this issue and adopts the R&R's finding that there has been no Speedy Trial Act violation.

Mr. Battle also objects to the R&R's finding that there was no violation of his Sixth Amendment rights. In particular, Defendant argues that the Magistrate Judge did not grant adequate weight to his arguments on the fourth factor of the speedy trial analysis — that he has been seriously prejudiced by the delay. (Obj., Doc. 86 at 5-7.)[1] Mr. Battle first argues that the conditions of his confinement have caused him considerable anxiety and concern, especially because he has mental health conditions and had not been receiving significant mental health treatment. (*Id.*)  First, the Court considers Defendant's contention that he has not received proper care and treatment and that unacceptable delays occurred in his transfer  by BOP to the Butner facility for evaluation and treatment, thereby unacceptably delaying his treatment and prejudicing his right to trial.[2]  While the Court agrees that this delay is unacceptable, it also flags (as did the Magistrate Judge) the reality that ongoing COVID-19 issues within the prison system may have impacted the Defendant's prompt transfer by BOP.  Finally, the Court notes

---

[1] To determine whether a defendant has been deprived of his right to a speedy trial under the Sixth Amendment, the Court must consider "(1) whether the delay before trial was uncommonly long; (2) whether the government or the defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay." *United States v. Harris*, 376 F. 3d 1282, 1290 (11th Cir. 2004) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

[2]  Mr. Battle was transferred to the Federal Medical Center-Butner on April 26, 2022, over five months after the Court's Order of November 5, 2021, directing Defendant's hospitalization, treatment for restoration to competency, and evaluation at Butner – all to occur within four months of the date of the November 4, 2021 Order. (Doc. 69-1; Doc. 83 at 5.)

that the record reflects that Mr. Battle has received some measure of ongoing mental health evaluation and treatment as well as medication in connection with efforts to restore his competency at Butner as of the time of his evaluation in August 2022 by Dr. Adeirdre Stribling Riley, Ph.D. at the Butner Federal Medical Center. (*See* BOP Report Doc 97-1.)

In assessing a defendant's argument that his Sixth Amendment right to a speedy trial has been violated, the Court must evaluate the fourth factor, prejudice, "in the light of the interests of defendants which the speedy trial right was designed to protect[:] . . . (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker v. Wingo*, 407 U.S. 514, 531 (1972).

The Court has no doubt that Mr. Battle has suffered anxiety while incarcerated at the Federal Detention Center in Miami, at USP Atlanta, and since he has been admitted to FMC-Butner in April 2022. However, at this juncture, Mr. Battle has not demonstrated that his anxiety — arising in connection with his ongoing mental health conditions — has become so severe as to tip the scales in his favor on this fourth factor of prejudice. Specifically, while the Court gives credit to Defendant's representation that he suffered aggravation of his mental health problems while incarcerated, the current record does not allow the Court to parse whether this anxiety constituted a material adverse change in his mental health condition or whether his mental health conditions have been cycling. Nor

4

does the evidence indicate that Defendant's anxiety is at such a severe level as to be either the driver of his mental health problems or to affect his capacity to participate in the presentation of his defense in legal proceedings. Apropos of this, the Court notes that Mr. Battle has been receiving mental health evaluations, treatment, and medication in connection with restoration of competency efforts to enable defendant's participation in legal proceedings and trial, while he is housed at FMC-Butner. (*See* BOP Report Doc 97-1.)

In arguing that he has been severely prejudiced by the delay, Mr. Battle also argues that he has now "served more time than called for by the Sentencing Guidelines." (Obj. at 7-6.) In the R&R, the Magistrate Judge explained that this argument was based on some amount of speculation — as to whether Defendant would plea, what his hypothetical sentence might be, and whether the BOP will give credit to Mr. Battle's state custody that pre-dated this case. (R&R at 16.) The Court reiterates the R&R's determination that a finding of prejudice cannot be based on such hypotheticals. That said, the Court is seriously concerned about the possibility that Mr. Battle has served more time than will ultimately be called for if he were to accept a plea in the future. The Court, however, finds itself in a bind. This case cannot legally move forward to a potential plea and sentencing until Mr. Battle regains competency,[3] absent the Court determining that the prejudice is so great here that dismissal of the indictment is appropriate.  Under

---

[3] This reality cannot be laid on the Government's doorstep but is dictated by law.

the circumstances — and in light of the hypothetical nature of this argument and the legal requirements surrounding competency — the Court cannot find that Mr. Battle has established adequate prejudice under the fourth factor of the *Barker* test. As noted in the R&R, the potential of an impaired defense is the most important consideration for a court when assessing prejudice. (R&R at 14) (citing *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003)).   And in that connection, Mr. Battle has made no argument that the delay has impaired his defense in this case.

Furthermore, the Court fully adopts the R&R's finding as to the second *Barker* factor: that a consideration of the reason for the delay weighs slightly in favor of the Government, in light of Defendant's numerous requests for continuances and "attorney-client conflicts that resulted in a change of counsel." (R&R at 11-13.)  Upon consideration of all four of *Barker* factors, the Court finds that there has been no violation of Mr. Battle's Sixth Amendment right to a speedy trial, and dismissal is not warranted at this time.

For the reasons above, the Court agrees with the R&R in all respects. Accordingly, the Court hereby **OVERRULES** Defendant's Objections [Doc. 86] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 83] as the opinion of this Court.  Mr. Battle's Motions to Dismiss Indictment Due to Speedy Trial Violations [Docs. 76, 80] are **DENIED**.  The Court will evaluate the posture of this case and Mr. Battle's status anew in connection with the

6

Magistrate Judge's next review of competency issues at the hearing set for January 31, 2023.

**IT IS SO ORDERED** this 14th day of December 2022.

_____
**Amy Totenberg**
**United States District Judge**